**SARA M. PELOQUIN**
California State Bar No.254945
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
sara_peloquin@fd.org

Attorneys for Mr. Jose Agusto Perez-Ramos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE AGUSTO PEREZ-RAMOS,<br>Defendant. | CASE NO.08CR0539-JLS<br>DATE: April 11, 2008<br>TIME: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MR. PEREZ-RAMOS' MOTIONS |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based on materials received from the government. Mr. Perez-Ramos does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

Mr. Perez-Ramos was arrested on February 18, 2008. In a letter dated February 21, 2008, defense counsel requested discovery. On February 27, 2008, the government filed a one count indictment charging a violation of 8 U.S.C. § 1326. On March 21, 2008 defense counsel received thirty-two pages of discovery relating to Mr. Perez-Ramos' arrest. No A-File documents were provided. On April 1, 2008 defense counsel contact Assistant United States Attorney Christopher Alexander to request an opportunity to inspect and copy

///

Mr. Perez-Ramos' A-File. Mr. Alexander informed defense counsel that he would not produce the A-File for inspection and copying absent an order f rom this Court.

These motions follow.

## II.

## MOTION TO COMPEL PRODUCTION OF THE A-FILE

Mr. Perez-Ramos moves for the production of his A-File. To date, ***defense counsel has received Thirty-Two pages of discovery***. The discovery produced by the government to date includes only documents related to Mr. Perez-Ramos' arrest. No A-File documents have, as yet, been disclosed to the defense. Mr. Perez-Ramos respectfully requests that the government be ordered to produce his A-File for inspection and copying. Mr. Perez-Ramos specifically requests production of a copy of the taped proceedings and any and all documents memorializing the deportation proceedings allegedly held and any other proceedings that the government intends to rely upon at trial. This request includes discovery of materials known to the government attorney, as well as discovery of materials which the government attorney may become aware of through the exercise of due diligence. See FED. R. CRIM. P. 16.

Mr. Perez-Ramos requests a full copy of his A-file and any other immigration files linked to his immigration history. Mr. Perez-Ramos specifically requests the documents memorializing the alleged deportation proceedings and any other proceedings that the government intends to rely upon at trial.

Mr. Perez-Ramos additionally requests that the Court order the government to allow him the opportunity to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation. Mr. Perez-Ramos must be afforded the opportunity to challenge the validity of the indictment. Mr. Perez-Ramos may do this by challenging the lawfulness of the alleged deportation. The documents in the A-file are essential to a potential challenge to the indictment and the lawfulness of the deportation.

Second, the government will likely try to show at trial that a government officer searched the A-file and did not find an application by Mr. Perez-Ramos for permission to enter the United States. Mr. Perez-Ramos anticipates that the government will attempt to admit a "Certificate of Non-Existence of Record" against him, arguing that if Mr. Perez-Ramos had ever applied for permission to enter the United States, such an application would be found in the A-file and because such an application is not in the A-file, Mr. Perez-Ramos must not have applied for permission to enter the United States.

Although the certificate might be admissible, the question of the thoroughness of the search conducted by the government of the A-file is, and should be, open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Perez-Ramos should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Perez-Ramos should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Perez-Ramos may assert a defense that his application for lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the government in order to present this defense.

Finally, the A-File may contain Brady material. Mr. Perez-Ramos requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Perez-Ramos.

Brady material also includes and information that may lead to a lower sentence under the guidelines. The A-File is likely to contain documents from alleged prior conviction that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Mr. Perez-Ramos also requests any information relevant to a Chapter Three adjustment, a determination of his criminal history, and information relevant to any other application of the Guidelines.

The A-File is likely to contain information regarding prior similar acts. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. See United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). Mr. Perez-Ramos is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of

prejudice." Id.; United States v. Perez-Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Perez-Ramos requests such reasonable notice at least two weeks before trial so as to adequately investigate and prepare for trial.

**III.**

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Perez-Ramos and defense counsel has received ***Thirty-Two*** pages of discovery in this case. As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, defense will find it necessary to file further motions, or to supplement existing motions with additional facts. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

**IV.**

**CONCLUSION**

For the reasons stated above, Mr. Perez-Ramos moves this Court to grant his motions.

Respectfully submitted,

DATED: April 7, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders of San Diego, Inc.
Attorneys for Jose Agusto Perez-Ramos