KAREN P. HEWITT
United States Attorney
CHRISTOPHER M. ALEXANDER
Assistant U.S. Attorney
California Bar. No. 201352
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7425 /(619) 235-2757 (Fax)
Email: Christopher.M.Alexander@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE AGUSTO PEREZ-RAMOS,<br><br>Defendant. | Criminal Case No. 08CR0539-JLS<br><br>HEARING DATE: April 11, 2008<br>TIME: 1:30 p.m.<br><br>UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br>(1) COMPEL PRODUCTION OF A-FILE; AND<br>(2) GRANT LEAVE TO FILE FURTHER MOTIONS.<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Christopher M. Alexander, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions. This Response is based upon the files and records of the case together with the attached memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On February 27, 2008, a Indictment was returned in the Southern District of California charging Defendant Jose Agusto Perez-Ramos ("Defendant") with being a deported alien attempting to enter the United States in violation of 8 U.S.C. § 1326. On March 4, 2008, the Court arraigned Defendant on the Indictment and entered a not guilty plea. The Court scheduled a motion hearing date.

On March 7, 2008, the United States filed motions for reciprocal discovery and fingerprint exemplars. On March 14, 2008, Defendant filed motions to compel discovery and grant leave to file further motions.

On March 28, 2008, the Court held a motion hearing and continued the motions to May 9, 2008. After the hearing, it became clear there was a discovery dispute regarding production of the A-File. On April 7, 2008, Defendant filed a motion for production of the A-File. The United States now responds.

**II**

**THE ENTIRE A-FILE IS NOT DISCOVERABLE**

Defendant requests the following: (1) the deportation tapes; (2) all deportation proceeding documents the United States intends to rely upon at trial; (3) a full copy of the A-File; and (4) the opportunity to inspect the Alien Registration File ("A-File") associated with Defendant. The United States will produce (1) the deportation tapes and (2) all deportation proceeding documents the United States intends to rely upon at trial. However, the United States objects to Defendant's other requests.

Discoverable information is equally available to Defendant from the immigration court or through a Freedom of Information Act request served upon the Department of Homeland Security. Even if Defendant could not ascertain the A-File through such a request, the A-File is not Rule 16 discoverable information. The A-File contains information that is not discoverable like internal government documents and witness statements. See Fed. R. Crim. P. 16(a)(2). Witness statements

would not be subject to production until after the witness for the United States testifies and provided that a "motion" is made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Thus, the Court should not order the A-File associated with Defendant to be copied or disclosed in its entirety.

Again, the United States will produce documents it intends to use in its case-in-chief. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. See United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not shown how documents in the A-File are material.

In an effort to create materiality, Defendant claims that he will not be able to challenge the thoroughness of the search for his application to reenter the United States. Any cross-examination regarding the possibility of a nonexistent application for permission is irrelevant. In United States v. Rodriguez-Rodriguez, 393 F.3d 849, 856 (9th Cir. 2005), the defendant sought to elicit testimony on cross-examination from a witness for the United States regarding the following claims: (1) INS computers are not fully interactive with other federal agencies' computers; (2) over 2 million documents filed by immigrants have been lost or forgotten; (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States; and (4) the custodian never checked with the other federal agencies to inquire about documents relating to the defendant. Judge Lorenz sustained objections to this line of cross-examination finding that it was irrelevant. Id. The Ninth Circuit agreed stating that "[n]one of that information is relevant on the facts of this case, because it is uncontested that [the defendant] never made any application to the INS or any other federal agency." Id.

As in Rodriguez, Defendant has not presented any evidence that he had applied for reentry. As in Rodriguez, any testimony from witnesses for the United States regarding the types of checks performed to show the lack of an application for reentry would be irrelevant.

This type of cross-examination is also irrelevant to this § 1326 prosecution. The Ninth Circuit has stated what is required for permission to reapply:

> The INS has promulgated regulations that govern the process by which the Attorney General will "[c]onsent to [a deported alien] reapply[ing] for admission[.]" 8 C.F.R. § 212.2. These regulations include the requirement that a deported alien must have remained out-side of the United States for a minimum of five consecutive years. Id. § 212.2(a). Pina-Jaime did not meet this requirement. Nor did he submit the required form I-212 to the INS to obtain consent of the Attorney General to reapply for admission. See United States v. Sanchez-Milam, 305 F.3d 310, 312-13 (5th Cir. 2002), cert. denied, 537 U.S. 1139, 154 L. Ed. 2d 834, 123 S. Ct. 932 (2003). Accordingly, the Attorney General

> did not "expressly consent[] to [Pina-Jaime's] reapplying for admission" as required by the statute. See 8 U.S.C. § 1326(a)(2).

United States v. Pina-Jaime, 332 F.3d 609, 611-12 (9th Cir. 2003). There is no evidence supporting that Defendant has done so. Accordingly, the thoroughness of the search is not a basis for production of the entire A-File.

Next, Defendant argues that the entire A-File is Brady. Obviously, the United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. [Citation omitted.]

Id. at 774-775.

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). The United States respectfully contends that it has no such disclosure obligation.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. The United States has already provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D) as reflected in discovery pages 12-24. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior

to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609, the United States will provide Defendant with notice of its proposed use of such evidence and information about such bad act at the time the United States' trial memorandum is filed. However, to avoid any arguments concerning lack of notice, the United States intends to introduce Defendant's prior immigration contacts as evidence of intent to enter the United States, alienage, prior deportation, and lack of application for admission. Defendant's prior apprehensions are reflected in the discovery as pages 25-30. Moreover, Defendant's forgery and lewd acts with a child convictions listed in the criminal history report previously produced will be introduced to impeach him should he testify.

Finally, Defendant does not own the A-File. It is an agency record. Cf. United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records). Should the Court order inspection of limited documents from the A-File, the United States will facilitate the inspection as it has in other cases.

## III

## DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defendant's motion for leave to file further motions should be denied except to the extent that such motions are based on new discovery.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's requests except where unopposed.

DATED: April 9, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/Christopher M. Alexander*
CHRISTOPHER M. ALEXANADER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSE AGUSTO PEREZ-RAMOS, Defendant. | ) ) ) ) ) ) ) ) ) ) | Criminal Case No. 08CR0539-JLS **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, CHRISTOPHER ALEXANDER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions, together with memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Sara Peloquin, Esq.
Atty for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2008.

*s/Christopher M. Alexander*

CHRISTOPHER M. ALEXANDER