KAREN P. HEWITT
United States Attorney
CARLOS O. CANTU
Special Assistant U.S. Attorney
Government Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5766

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE AGUSTO PEREZ-RAMOS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 08CR0539-JLS<br><br>DATE: September 4, 2008<br>TIME: 9:00 a.m.<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON INVALID DEPORTATION PROCEEDINGS, TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

The UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Carlos O. Cantu, Special Assistant U.S. Attorney, respectfully submits this Response in Opposition to the Defendant's Motion to Dismiss the Indictment. This Response is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and the various Exhibits attached hereto.

## I.

## STATEMENT OF FACTS

On Monday, February 18, 2008, Border Patrol Agent David H. Nguyen was conducting line watch operation in the Imperial Beach Border Patrol Station area of operations. At approximately 7:20 a.m., Border Patrol Agent Kevin Wies radioed via service radio that he observed two individuals running south in an area known as "Campo's Ditch." "Campo's Ditch" is approximately 4 miles west of the San Ysidro, California Port of Entry and approximately 40 yards north of the United States/Mexico International Boundary.

Agent Nguyen responded to the area that Agent Wies last observed the individuals. After a brief search, Agent Nguyen discovered two individuals attempting to conceal themselves in some brush. Due to the fact that this area is commonly used by undocumented immigrants to further their illegal entry into the United States, Agent Nguyen identified himself as a United States Border Patrol Agent and conducted an immigration inspection. Both individuals, including one later identified as Jose Agusto Perez-Ramos, freely admitted to being citizens and nationals of Mexico, not in possession of any immigration documents that would allow them to legally enter or remain in the United States. Agent Nguyen arrested both individuals at approximately 7:30 a.m, and subsequently arranged for their transport to the Imperial Beach Border Patrol Station for processing.

## II.

## ARGUMENT

Defendant moves to dismiss the Indictment based on his contention that his 2007 removal hearing was invalid because he was not afforded an opportunity to seek voluntary departure under INA § 240B.[1/] The Defendant further contends that he was statutorily eligible for voluntary departure, and the Immigration Judge's failure to consider this form of relief constituted a violation of Defendant's due process rights. For the reasons stated below, Defendant's arguments are without merit.

---

[1] Consistent with case law, the United States cites to relevant provisions of the Immigration and Nationality Act of 1952, as amended ("INA"), throughout this Response. For clarification and convenience, however, the corresponding statutory citations are included in the footnotes. For example, INA § 240B is codified at 8 U.S.C. § 1229c.

When an alien is charged with a violation of 8 U.S.C. § 1326, a collateral attack on the underlying deportation is permitted only if the alien can show his due process rights were violated and he suffered prejudice as a result of the violation. United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). For an alien to collaterally attack a predicate deportation under Section 1326, he must show: (1) he exhausted all available administrative remedies; (2) the underlying removal proceedings deprived him of the opportunity for judicial review; and (3) the entry of deportation order was fundamentally unfair. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004). The Ninth Circuit has interpreted the final prong to require a showing that the alien's due process rights were violated and he suffered prejudice as a result of those defects. Id. However, the alien must show that the prejudice occurred *because of* the violation for relief to be available. Ubaldo-Figueroa, 364 F.3d at 1048. This is done by illustrating "plausible" relief from deportation. Id. at 1050. It is not sufficient that the alien would have availed himself of the procedure. The alien must "produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of his or her deportation proceedings." United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir. 1986).

**A. DEFENDANT WAS INELIGIBLE FOR VOLUNTARY DEPARTURE BECAUSE HE WAS PREVIOUSLY GRANTED THAT FORM OF RELIEF**

In this case, Defendant cannot show that the entry of the deportation order was fundamentally unfair. In fact, it would be impossible for Defendant to demonstrate a due process violation and resulting prejudice, as required under the Ubaldo-Figueroa test, because Defendant was statutorily ineligible for the very relief he contends he should have been granted.

Aliens who have previously been granted voluntary departure after having been found inadmissible under INA § 212(a)(6)(A) are ineligible for voluntary departure. See INA § 240B(c) ("The Attorney General shall not permit an alien to depart voluntarily under this section if the alien was previously permitted to so depart after having been found inadmissible under section 212(a)(6)(A).").[2/]

Here, Defendant was issued an order for voluntary departure under safeguards in 2000, see

[2] 8 U.S.C. § 1229c(c).

Exhibit 1, after he was found inadmissible under INA § 212(a)(6)(A)(I), see Exhibit 2. Defendant, therefore, was statutorily ineligible for a second grant of voluntary departure, as the evidence in Defendant's immigration file clearly demonstrates that he was granted voluntary departure in 2000 after having been found inadmissible under INA § 212(a)(6)(A). Having previously been granted pre-hearing voluntary departure in 2000, Defendant was ineligible for voluntary departure in 2007 under Section 240B(a) of the INA.

Given that he was ineligible for the remedy of voluntary depature, Defendant was not prejudiced by the Immigration Judge's failure to consider voluntary departure at the removal proceedings in 2007. Simply put, Defendant was statutorily barred from receiving that form of relief under Section 240B if the INA. Therefore, pursuant to Ubaldo-Figueroa,, this Court must uphold the validity of the deportation. 364 F.3d at 1048.

**B. DEFENDANT WAS INELIGIBLE FOR VOLUNTARY DEPARTURE IN BECAUSE HE WAS CONVICTED OF AN AGGRAVATED FELONY**

Defendant was also ineligible for voluntary departure at his immigration hearing in 2007 because he was convicted of an aggravated felony. To qualify for voluntary departure, either pre or post-hearing, an alien must demonstrate that he has not been convicted of an aggravated felony. See INA § 240B(a), (b); 8 C.F.R. § 1246.26(b)(1)(i). Defendant was convicted of committing lewd or lascivious acts with a child under the age of 14 on or about May 16, 2007, in violation of Cal. Penal Code § 288(a). That conviction has been held to constitute an aggravated felony under INA § 101(a)(43)(A).[3/] See U.S. v. Lopez-Castellanos, 437 F.3d 848 (9th Cir. 2006); U.S. v. Baron-Medina, 187 F.3d 1144 (9th Cir. 1999), cert. denied, 531 U.S. 1167 (2001). Defendant, therefore, was also statutorily ineligible for voluntary departure as an alien convicted of an aggravated felony.

Defendant argues that only aliens who are deportable, as opposed to inadmissible, are subject to the restrictions on voluntary departure found at INA § 240B(a), and that because Defendant was inadmissible, and not deportable, his conviction for committing lewd and lascivious acts with a child under the age of 14 did not bar him applying for voluntary departure. Moreover, Defendant asserts

---

[3] 8 U.S.C.§ 1101(a)(43)(A).

that the Ninth Circuit Court of Appeals has "embraced" his reading of the statute and cites United States v. Ortiz-Lopez, 385 F.3d 1202 (9th Cir. 2004), to support his contentions. Defendant's argument, however, is without merit.

The defendant in Ortiz-Lopez was, like Defendant in the instant case, an alien who had entered the United States without first being inspected and admitted by an immigration officer. Id. The issue in Ortiz-Lopez, however, was whether the defendant's conviction for a controlled substances offense was an "aggravated felony" which would have rendered him ineligible for voluntary departure. See id. at 1204-05. In fact, the Ninth Circuit's decision in Ortiz-Lopez completely failed to address the very issue argued by Defendant in the instant case. Instead, the Court in Ortiz-Lopez focused on the defendant's conviction, not on his status as an admissible alien, in determining whether the defendant was eligible for voluntary departure. Id. As such, the Court implied that the defendant would *not* have been eligible for voluntary departure had his conviction constituted an aggravated felony. Id. This logic is in accordance with other Ninth Circuit case law, see, e.g., Lopez Castellanos, 437 F.3d 848, and the INA. See INA § 240B.

Accordingly, the removal proceedings in 2007 did not violate Defendant's due process rights, as he was statutorily barred from receiving voluntary departure. Not only has there been no due process violation, but Defendant is incapable of demonstrating the requisite showing of prejudice, given that he was statutorily ineligible for the very remedy he sought. Therefore, pursuant to Ubaldo-Figueroa, 364 F.3d at 1048, this Court must uphold the validity of the deportation.

**III.**

**CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's motion to dismiss the Indictment.

DATED: August 29, 2008

Respectfully submitted,

KAREN P. HEWITT

United States Attorney

*S/ Carlos O. Cantu*

CARLOS O. CANTU

Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: carlos.cantu@usdoj.gov